IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-41491

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELI ALBERT THOMAS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
C-00-CR-278-1

April 4, 2002

Before KING, Chief Judge, and GARWOOD and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Eli Albert Thomas appeals his conviction for possession with intent to distribute more than 100 kilograms of marijuana, specifically 941 kilograms. After a jury found him guilty, he was sentenced to 97 months imprisonment, with 5 years of supervised release to follow.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

I

Thomas argues there was insufficient evidence to prove that he possessed 100 kilograms or more of marijuana. We are persuaded that under all the facts at trial a reasonable juror could conclude that the truck contained the amount of marijuana charged in the indictment. Moreover, at trial there was no dispute over the amount of marijuana. Indeed, defense counsel suggested in closing that the large quantity of marijuana would not have been handled as it was by his client if he had known that it was marijuana. That is, the main defense at trial was that Thomas did not know he was hauling marijuana.

II

Brown also argues that the quantity was insufficient to support the imposed sentence. This case presents no *Apprendi* issue for the reason that the represented amount was alleged in the indictment and proved beyond a reasonable doubt at trial.

III

One remaining incident at trial bears mention. Immediately on the return of the jury verdict, defense counsel retrieved from the exhibits admitted into evidence a lab report reflecting a seizure of drugs from a different defendant on a different occasion at the Falfurrias checkpoint. No mention was made of this document at trial, and it was never referred to in closing argument. It was also plain from the sequence of events at trial

2

that defense counsel knew of the document.  It is not clear when he learned of the exhibit, but it is clear that he knew before the verdict was returned.

Unfortunately, the lab report had nothing to do with the case and found its way into the government's exhibits by mistake. On appeal the defendant understandably makes no argument based on the stray document.  And given the circumstance that the government's proof of the quantity of possessed drugs was both sufficient to support the verdict and was not challenged at trial, we are not persuaded that the stray lab report had an injurious impact.  The conviction and sentence are affirmed.

AFFIRMED.